**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHARLES H. BENNEFIELD,

      Petitioner - Appellant,

v.

H. N. SCOTT, Warden,

      Respondent - Appellee.

No. 02-7030
D.C. No. 99-CV-608-S
(E.D. Oklahoma)

---

**ORDER AND JUDGMENT**

---

Before **BRISCOE** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **HARTZ** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Charles H. Bennefield, an Oklahoma inmate appearing pro se, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying relief on his habeas petition filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 habeas petition unless the petitioner first obtains a COA). Because Mr. Bennefield has not demonstrated "a substantial showing of the denial of a constitutional right," this court denies his request and dismisses the appeal. *Id.* § 2253(c)(2).

In December 1993 Mr. Bennefield was charged with attempted rape, assault with a deadly weapon, and two counts of larceny of an automobile. At two separate hearings held in 1994, he was found competent to stand trial. In July 1995 Mr. Bennefield was convicted of the rape and assault charges and of two counts of unauthorized use of a motor vehicle, a lesser included offense of the larceny charges.

After his conviction the United States Supreme Court decided *Cooper v. Oklahoma,* 517 U.S. 348 (1996), which held that Oklahoma's law presuming that a criminal defendant is competent to stand trial unless he proves his incompetence by clear and convincing evidence violates due process. Subsequently, the Oklahoma Court of Criminal Appeals (OCCA) ordered the trial court in Mr. Bennefield's case to (1) determine whether a retrospective post-examination

-2-

competency hearing was feasible, and if so, (2) hold a hearing using a standard requiring only that Mr. Bennefield prove his incompetence by a preponderance of the evidence.  The trial court found such a hearing feasible and held a third competency hearing in March 1997, using the correct standard.  At the end of that hearing, a jury found Mr. Bennefield competent at the time of his trial in 1995.

In his federal habeas petition, Mr. Bennefield raised the following six grounds for relief, all of which were presented and rejected in the state courts:

I.  [Petitioner's] right to due process of law was violated when the trial court determined that he had failed to prove his incompetence by clear and convincing evidence.

II.  [Petitioner's] convictions for both first-degree attempted rape and assault and battery with a deadly weapon violates [sic] the prohibitions against double jeopardy and double punishment and requires [sic] that one of the convictions be reversed; In the alternative, [petitioner] should have been charged with the crime of assault with intent to rape as it is the more specific crime.

III.  The prosecution failed to prove beyond a reasonable doubt that [petitioner] knew the nature and quality of his actions at the time of the commission of the offenses and that [petitioner] knew what he was doing was wrong in accordance with the [ *M'Naghten* ] Rule.

IV.  The trial court improperly instructed the jury on the sentence for rape instead of attempted rape.

V.  [Petitioner] was denied his right to a fair trial by the trial court's erroneous preliminary instruction to the jury that it had to find [petitioner] guilty or innocent of the charges, rather than directing the jury to return a verdict of not guilty if the state failed to prove it's [sic] case beyond a reasonable doubt.

VI. The sentences imposed upon [petitioner] are excessive and should be modified.

R., Vol. 1, Findings and Rec. at 1-2.

The district court denied Mr. Bennefield's habeas petition, rejecting his constitutional arguments for all six claims on the merits. In his brief in support of his request for a COA, Mr. Bennefield raises the same grounds, with one exception. His argument concerning excessive sentences has been dropped and replaced with a statement alerting this court to the fact that although he was convicted of two counts of unauthorized use of a motor vehicle, the judgment and sentence on conviction contains a scrivener's error stating that he was convicted of the more serious offense of larceny of an automobile. Mr. Bennefield requests this court to correct the error and modify his judgment and sentence. Correction is unnecessary, however, as this claim of error was raised on direct appeal and the OCCA granted relief by directing the district court to enter an order nunc pro tunc modifying the judgment and sentence to reflect the true conviction. *See Bennefield v. State,* No. F 95-966, slip op. at 5 (Okla. Crim. App. Apr. 2, 1998).

As noted above, to obtain a COA, Mr. Bennefield must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court denies a habeas petition on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S.

-4-

473, 484 (2000). Under 28 U.S.C. § 2254, a federal court may not grant applications for writs of habeas corpus on claims adjudicated on the merits in the state courts unless the state's adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2).

Addressing Mr. Bennefield's first claim, the OCCA noted that, because he was held to the incorrect evidentiary standard in his first two competency hearings, Mr. Bennefield underwent a third hearing under the proper standard, where he was found competent to stand trial by credible and competent evidence. The district court concluded that the OCCA's determination that a retrospective competency hearing was feasible was consistent with federal law. Under Oklahoma law, "failure to conduct a competency hearing concurrently with trial is not *per se* violative of due process." *Boltz v. State*, 806 P.2d 1117, 1121 (Okla. Crim. App. 1991). "[I]f a defendant's competency at the time of trial can be meaningfully determined at a subsequent time on the basis of credible and competent evidence, then error committed by a district court in failing to hold a hearing at the proper time can be cured." *Id.* "Furthermore, delays occasioned

by a remand and continuances do not necessarily preclude a meaningful retrospective determination." *Clayton v. State*, 840 P.2d 18, 25 (Okla. Crim. App. 1992). This court has similarly held that "[a]lthough retrospective competency hearings are disfavored, they are permissible whenever a court can conduct a meaningful hearing to evaluate retrospectively the defendant's competency." *Bryan v. Gibson*, 276 F.3d 1163, 1168 (10th Cir. 2001) (internal quotation marks omitted). "A meaningful retrospective competency determination is possible where the state of the record, together with such additional evidence as may be relevant and available, permits an accurate assessment of the defendant's condition at the time of the original state proceedings." *Id.* (internal quotation marks omitted). As in Oklahoma, federal courts do not consider the passage of time in isolation. *Id.* at 1168-69. After reviewing the record in this case, we conclude that the district court's assessment of this claim was neither debatable nor wrong, as adjudication of the claim in the state court proceedings did not result in a decision either contrary to federal law or based on an unreasonable application of the facts in light of the available evidence. *See* 28 U.S.C. § 2254(d).

Likewise, we find no error in the district court's assessment of Mr. Bennefield's double jeopardy, sufficiency of the evidence, and improper charge claims, as well as several claims concerning jury instructions. The district

court reviewed and rejected each of these claims correctly under controlling federal law. Insofar as he claims ineffective assistance of counsel for his attorney's failure to request or object to particular jury instructions, we conclude that Mr. Bennefield has not made the requisite showing to establish that his counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686 (1984). Upon careful review of his arguments and the relevant record, we conclude that Mr. Bennefield has not demonstrated that his habeas petition is deserving of further proceedings, debatable among jurists of reason, or subject to a different resolution on appeal. *See Slack*, 529 U.S. at 484. Accordingly, for substantially the same reasons set forth by the magistrate judge in his Findings and Recommendation filed on July 26, 2001, and adopted by the district court on January 28, 2002, Mr. Bennefield's request for a COA is DENIED and his appeal is DISMISSED.

Entered for the Court

Harris L Hartz
Circuit Judge